UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SABRE INDUSTRIES, INC | CIVIL ACTION NO. 19-cv-934 |
| VERSUS | JUDGE DOUGHTY |
| JOSEPH MCLAURIN | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Sabre Industries, Inc. ("Sabre") filed this civil action against its former employee, Joseph McLaurin ("McLaurin"), and Module X Solutions, LLC ("MXS"). Sabre alleges that McLaurin violated a non-disclosure, non-solicitation and fair competition agreement by working for MXS and by disclosing to MXS Sabre's confidential information and using such information in an effort to compete unfairly with Sabre. Sabre contends that McLaurin has actively solicited Sabre employees to accept employment with MXS and is using confidential Sabre employee lists containing skill sets, pay levels, and contact information to solicit Sabre employees.

Now before the court is Sabre's **Motion to Find Defendant Module X Solutions in Contempt of Court and for Sanctions (Doc. 71)**. Sabre alleges that MXS has refused to provide discovery and to comply with the court's order to perform a search of its systems and devices for specific search terms. For the reasons that follow, it is recommended that the motion be granted.

**Relevant Facts and Procedural History**

A key allegation in this case is that, near the end of his time at Sabre, McLaurin inserted a thumb drive into his work computer at or about the same time he accessed files and information that Sabre contends constitute trade secrets and proprietary information. Sabre believes that McLaurin copied those files onto the thumb drive and shared them with MXS.

In October 2019, Sabre propounded 26 requests for production to MXS seeking a forensic search for the Sabre documents taken via the thumb drive, documents concerning recruitment of Sabre employees, and documents concerning McLaurin. Sabre alleges that MXS's responses to the requests were incomplete. Sabre contends that MXS merely provided some of McLaurin's emails and his personnel file, but it did not provide any other responsive documents, written responses, or objections.

In February 2020, Sabre propounded six requests for production to MXS seeking personnel files, job descriptions, sales reports, and communications regarding the 16 Sabre employees allegedly solicited by McLaurin on behalf of MXS. After the deadline for a response passed, MXS submitted personnel files of the employees but did not provide any other responsive documents, written responses, or objections. In March 2020, Sabre filed a motion to compel (Doc. 57) concerning the deficient discovery responses.

Sabre then propounded 20 interrogatories and 17 requests for production to MXS. After the deadline for a response had passed, MXS submitted responses that Sabre contends are "laughably deficient." For example, MXS indicated that no witnesses would testify at

trial. MXS refused to answer many of the requests, stating "disclosure by MXS is not warranted under the circumstances" or other similar objections.

On May 22, 2020, the undersigned held a status conference via Zoom regarding Sabre's motion to compel. The court ordered counsel for Sabre to work with an independent forensic service to come up with search terms to be used to search MXS's system to determine whether the contents of the files accessed by McLaurin are located on the MXS system. The court also ordered counsel for MXS to work with counsel for Sabre to refine the search terms. The court noted that the results of the forensic analysis would likely go a long way toward resolving the suit and ordered the parties to participate in the process in good faith. Doc. 63.

The parties then filed a joint motion for status conference (Doc. 66), indicating that they were at an impasse regarding the court's order and seeking a conference with the court for clarification of issues related to the forensic search. The court held another Zoom conference and discussed names and potential search terms with counsel. Following the conference, counsel for Sabre sent an email to opposing counsel and the court noting that the parties agreed to the following:

- MXS will complete its ESI Search according to these terms and begin its rolling production within 30 days from today (Monday, August 17)
- MXS will complete its rolling production within 30 days from then (Wednesday, September 16)
- At that time, we will resume discussion about a less broad, more limited forensic search by Sabre's experts
- Mr. McMichael's objection to overbreadth will be noted in the Order
- To the extent additional assistance from the Court is needed, the parties will confer among themselves and with the Court.

- I will provide Mr. McMichael with a non-privileged version of the foundational report from which these search terms were generated, so that he can share that with his client and justify the search.

In accordance with those terms, the court entered on order noting that counsel for MXS (Mr. McMichael) "strongly objects to Plaintiff's proposed search terms on grounds that they are overbroad in scope." However, in light of the very serious allegations in this case, the court found that "**Mr. McMichael's objections must be overruled.**" Doc. 70 (Emphasis added). The court ordered MXS to search its systems and devices for the search terms provided by counsel for Sabre and ordered MXS to complete the searches and begin rolling out production no later than August 17, 2020. The production was to be completed no later than September 16, 2020. The order did not mention the foundational report.

**The Motion for Contempt**

Counsel for Sabre has now filed this motion for sanctions alleging that MXS "has not produced a single document pursuant to the rolling production which should have begun August 17." Sabre argues that MXS "has stonewalled at every turn, meanwhile bidding on projects in unlawful competition with Sabre and being rewarded for its delay with further opportunities to use Sabre's Confidential Information to compete unlawfully, thus depriving Sabre of customers, projects, and potentially tens of millions of dollars in sales." Sabre seeks judgment in its favor, adverse inference, and reasonable expenses.

MXS responds that it did not begin the search because Sabre did not provide the foundational report as agreed at the status conference. Sabre provided the report on August 18, 2020, the day after MXS was supposed to begin rolling out production. MXS also argues that "[m]any of the documents the report indicated were downloaded by McLaurin

were downloaded weeks before his termination on May 8, 2019 and clearly could not have been downloaded by McLaurin in anticipation of his departure." MXS contends that inclusion of other search terms "were not supported by any of the documents purportedly downloaded (regardless of when the download occurred)." MXS asks, for the first time in its memorandum in opposition to the motion for contempt, that the deadlines contained in the court order be extended and that the list of terms be limited.

**Analysis**

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." Ford Motor Co. v. Woods, 2006 WL 1581177 (W.D. La. 2006) (Hicks, C.J.), quoting Travelhost, Inc. v. Blandford, 68 F.3d 958, 961 (5th Cir. 1995) (citations omitted). A sanction imposed to compel obedience to a lawful court order or to provide compensation to a complaining party is civil." New York State National Organization for Women v. Terry, 886 F.2d 1339, 1351 (2nd Cir. 1989). Accordingly, this is a civil contempt proceeding.

"A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." Martin v. Trinity Industries, Inc., 959 F.2d 45, 47 (5th Cir. 1992). After the movant has shown a prima facie case, the respondent can defend against it by showing a present inability to comply with the subpoena or order. Petroleos Mexicanos v. Crawford Enterprises, Inc., 826 F.2d 392, 401 (5th Cir. 1987)

Upon a finding of civil contempt, the court has complete discretion in assessing sanctions to protect the sanctity of its decrees and the legal process. American Airlines, Inc. v. Allied Pilots Ass'n, 228 F.3d 574, 585 (5th Cir. 2000). A fine for civil contempt may be compensatory in nature or may be designed to coerce behavior. United States v. United Mine Workers, 330 U.S. 258, 303-304 (1947).

Sabre has met its burden of establishing the three elements for civil contempt by clear and convincing evidence. First, a court order (Doc. 70) was in effect. Second, the order required MXS to take certain clearly specified actions by a deadline: "Defendant is ordered to search its systems and devices (listed in Plaintiff's counsel's July 6, 2020 letter) for the following terms … ." And third, it is undisputed that MXS failed to comply with the order.

The burden now shifts to MXS to show a present inability to comply with the court's order. Petroleos Mexicanos, supra. First, MXS argues that the "untimely production by Sabre of its report and supporting documentation prevented MXS from complying with the Court's July 22, 2020 order." This argument is not convincing. First, the court's order did not condition MXS's search of its systems on timely production of Sabre's report. Second, the court did not specify a deadline for Sabre to produce the report; Sabre simply agreed to do so at the status conference. Even the post-conference email sent to opposing counsel did not indicate any deadline for Sabre to produce the report. Furthermore, Sabre did produce the report on August 18, 2020, and there is still no indication as of mid-October that MXS has begun to conduct the search as ordered.

Second, MXS argues that the list of search terms contained in the court's order is not supported by Sabre's report because Sabre's report shows that many of the search terms were derived from a list of documents that McLaurin supposedly downloaded weeks before his termination. MXS argues that the search terms at Section A numbered 30-72 were allegedly downloaded on April 3 and April 9, 2019, one month before McLaurin's termination on May 8, 2019. MXS contends that these documents should be excluded from the list of required search terms because they do not fall within Sabre's assertion that the terms related to documents downloaded near the time of McLaurin's termination. Sabre responds that McLaurin was terminated *because* he was suspected of feeding information to MXS to help it unlawfully compete and that he had no legitimate reason to ever access or take the documents. Sabre also argues that "near" the time of termination is not a legal term of art that encompasses one week but not one month.

Finally, MXS argues that many of the search terms are completely unsupported by any documents its report alleges were downloaded. MXS contends that there is no basis for the following search terms:

Section B: Search terms numbered 4, 5, 12, 14, and 15-32

Section C: Search terms numbered 1-7

Section D: Search terms numbered 1-13

However, in an email to counsel for Sabre, counsel for MXS conceded that "all of the search terms in Sections A-D appear in the report with the exception of Items 25-32 of Section B."

The court finds that these arguments have no merit.  The court already overruled MXS's objections as to overbreadth.  Furthermore, if MXS wanted to raise these objections with the court, it should have filed a motion for relief from the court's order prior to the deadline for production.  It failed to do so.   MXS has not met its burden of demonstrating inability to comply with the order.

**Sanctions**

As explained above, the court has broad discretion in assessing sanctions to protect the sanctity of its decrees.  Compensatory civil contempt damages reimburse the injured party for the losses flowing from noncompliance and expenses reasonably incurred in the attempt to enforce compliance.  Sabre argues that that it has been prejudiced by MXS's delays.  Sabre contends that it "is forced to take depositions of MXS witnesses and file a motion for summary judgment by the October 30, 2020 deadline without the benefit of MXS's document production or any meaningful discovery whatsoever from MXS."  Sabre also contends that MXS continues to unlawfully compete with Sabre.  Sabre shows that, despite testimony to the contrary at the hearing on Sabre's motion for preliminary injunction, MXS has "continually and aggressively" marketed products in competition with Sabre.  Sabre asserts that the court has discretion to sanction MXS through granting a default judgment, striking MXS's defenses, granting Sabre an adverse inference, awarding Sabre's costs, and other relief.  Sabre requests "the most drastic sanctions possible so that it may finally put a stop to MXS's unlawful behavior and be awarded its damages."

MXS responds that there is no evidence that it willfully and in bad faith refused to comply with the court's order. It asserts that it had justified and legitimate reasons for its failure to meet the deadlines as ordered. The court disagrees.

The court finds that sanctions are appropriate, but the facts do not yet justify the entry of a default judgment or the striking of MXS's defenses as Sabre requests. Whether an adverse inference instruction is appropriate may be raised with Judge Doughty in a motion in limine prior to trial. MXS's stonewalling of discovery and failure to comply with this court's order caused unnecessary delay and forced Sabre to file the pending motion and reply. The undersigned finds that civil contempt damages in the amount of $7,500.00 should be sufficient to offset the damages and attorney's fees caused by MXS's conduct. Sabre has been denied the evidence that it needs to try to demonstrate that MXS is in possession of Sabre's proprietary information, and the dispositive motion deadline is just two weeks away. If MXS continues its current pattern of behavior in discovery, it risks imposition of a more draconian sanction.

Accordingly,

It is recommended that Sabre's motion to find MXS in contempt (Doc. 71) be granted, and that MXS be found in civil contempt for non-compliance with the court's discovery order;

It is further recommended that MXS be ordered to pay sanctions to Sabre in the amount of $7,500.00 (payment should be due within 14 days of the district judge's action on the motion); and

It is further recommended that MXS be ordered to comply with the entirety of the court's order within seven days of the date of the District Judge's action on this recommendation. By that point, Sabre will have had more than enough time to comply.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of October, 2020.

_____
Mark L. Hornsby
U.S. Magistrate Judge