UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SABRE INDUSTRIES INC | CIVIL ACTION NO. 19-cv-934 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JOSEPH MCLAURIN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Pending before the Court is a Motion for Judgment on the Pleadings [Doc. No. 89] filed on November 11, 2020 by Defendant Module X Solutions, LLC ("MXS"). An Opposition [Doc. No. 96] was filed on December 11, 2020 by Plaintiff Sabre Industries, Inc. ("Sabre"). For the reasons set forth herein, MXS's motion is DENIED.

**I.    BACKGROUND**

On July 19, 2019 a Complaint [Doc. No. 1] was filed by Plaintiff Sabre against Joseph McLaurin ("McLaurin"), a former Sabre employee alleging violation of a non-competition and non-disclosure agreement by McLaurin.[1] A Second Amended Complaint [Doc. No. 31] was filed by Sabre on September 13, 2019 adding MXS as an additional defendant.

On November 20, 2020, MXS filed the pending Motion for Judgment on the Pleadings [Doc. No. 89] on causes of action against MXS for tortious interference with a

---

[1] The Complaint also asked for a Temporary Restraining Order and Preliminary Injunction against McLaurin.

contract,[2] the Louisiana Unfair Trade Practice Act ("LUTPA") and the Federal Defend Trade Secrets Act ("DTSA").

## II. LAW AND ANALYSIS

In a motion for judgment on the pleadings, the Court must accept as true all well-pleaded facts and view them in the light most favorable to the plaintiff. *Gines v. D.R. Horton*, 699 F.3d 812, 816 (5th Cir. 2012). Under the well-established *Twombly-Iqbal* standard, a valid claim for relief is one in which the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. Tortious Interference with Business Relationships

Although MXS names this cause of action as tortious interference with a contract, Sabre maintains it is a cause of action for tortious interference with business relationships. Louisiana recognizes this cause of action. *Junior Money Bags, Ltd. V. Segal*, 970 F.2d 1, 10 (5th Cir. 1992). To state a claim for tortious interference with a business relationship, Sabre must allege that MXS improperly influenced others not to deal with Sabre. *Id.*

In its Second Amended Complaint [Doc. No. 31], Sabre alleged that McLaurin shared Sabre's confidential information with MXS, that MXS was aware of Sabre's non-compete and non-solicitation agreement with McLaurin, that MXS used McLaurin to solicit employees through bonus payments, that Sabre lost key employees and lost all or

---

[2] Sabre maintains this cause of action is for tortious interference with business relationships.

part of contracts with long-standing clients, and that MXS influenced others not to deal with Sabre and interfered in Sabre's business relationships.

These allegations are enough to allege a cause of action by Sabre against MXS for tortious interference with a business relationship.

### B. The Louisiana Unfair Trade Practices Act

The LUTPA grants a private cause of action to any person who suffers an ascertainable loss due to unfair methods of competition and unfair or deceptive practices in the conduct of any trade or commerce. La. R.S. 51:1405 A trade practice is unfair when it offends established public policy and is unethical, oppressive, unscrupulous, or substantially injurious, and that a trade practice is deceptive when it amounts to fraud, deceit or misrepresentation. *Levine v. First National Bank of Commerce*, 948 S.2d 1051, 1065-66 (La. 2006).

Sabre alleged that MXS was aware of McLaurin's non-competition and non-disclosure agreement when McLaurin began working for MXS, that MXS used confidential information (pay lists, pay scales) to assist McLaurin in soliciting Sabre employees to leave their employment with Sabre, resulting in Sabre losing key employees and contracts. Sabre also alleged that MXS actively encouraged McLaurin to breach his contractual obligations to Sabre, using confidential information to harm Sabre and to help MXS.

Theft of confidential information and trade secrets for the purpose of benefiting the recipient and harming the owner has been found to be unlawful under LUTPA. *Ruby Slipper Café v. Belou*, 2019 U.S. Dist. LEXUS 44728, at 23 (E.D. La. 3/19/19).

3

These allegations are enough to allege a cause of action by Sabre against MXS for a LUTPA violation.

### C. Federal Defend Trade Secrets Act

Under the DTSA, 18 U.S.C. 1836, a protectable trade secret includes, scientific and technical information that the owner thereof has taken reasonable steps to keep secret and derives independent economic values not being readily ascertainable through proper means by another person who can obtain economic value from the information. A claim brought under the DTSA requires a trade secret, a misappropriation of the trade secret through disclosure or use, and the trade secret's relation to a good or service used or intended for use in interstate or foreign commerce. *Source Prod. & Equip. Co. v. Schehr* 2017 U.S. Dist. LEXIS 138407, at 5-6. (E.D. La. 8/25/17).

Sabre alleged that McLaurin worked at Sabre in developing M2M software and had access to highly confidential trade secrets (energy storage drawings, quotes, custom lists, customer contacts). Sabre further alleges that to preserve the confidentiality of this information, Sabre and McLaurin entered into an agreement which prohibited McLaurin from disclosing or using the trade secrets. Sabre further alleged that a forensic search of McLaurin's computer at Sabre revealed several USB drives were attached to the computer to access and to download numerous files that McLaurin would not have needed in order to perform his job, that the USB drives have not been returned, and that McLaurin used the information to benefit MXS and disclosed the information to MXS.

Additionally, Sabre alleged the trade secrets were goods or services used or intended to be used in interstate commerce.

These allegations are enough to allege a cause of action by Sabre against MXS for violation of the DTSA.

### III. CONCLUSION

For the reasons set forth herein, MXS's motion is DENIED.

MONROE, LOUISIANA this 22nd day of December, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT COURT